IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KABUYA E. KALONJI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-02875-LKG |
| v. ) | |
| ) | Dated: February 6, 2026 |
| PRINCE GEORGE'S COUNTY ) | |
| SHERIFF OFFICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

In this civil action, the Plaintiff *pro se*, Kabuya E. Kalonji, asserts a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, against the Defendant, the Prince George's County Sheriff Office, arising from his non-selection to the position of deputy officer. *See generally* ECF No. 1. The Defendant has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 8. The Plaintiff has also filed a motion for default judgment. ECF No. 11. The Defendant's motion to dismiss is fully briefed. ECF Nos. 8, 8-1, 10, 11 and 15. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 8), (2) **DENIES** the Plaintiff's motion for default judgment (ECF No. 11), and (3) **DISMISSES** the complaint (ECF No. 1).

**II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

**A. Factual Background**

In this civil action, the Plaintiff asserts a claim under the ADEA against the Prince George's County Sheriff Office, arising from his non-selection to the position of deputy officer.

---

[1] The facts recited in this memorandum opinion are taken from the complaint; the Defendant's motion to dismiss, memorandum and attachments in support thereof; the Plaintiff's response in opposition to the Defendant's motion; the Defendant's reply brief; and the Plaintiff's motion for default judgment. ECF Nos. 1, 8, 8-1, 8-2, 8-3, 10, 15 and 11.

*See generally* ECF No. 1.  As relief, the Plaintiff seeks to recover, among other things, liquidated, exemplary and punitive damages from the Defendant.  *Id.* at 7.

Background

As background, the Plaintiff applied for a private deputy position with the Prince George's County Sheriff Office on November 11, 2021.  *Id.* at 2 and 6.  At that time, the Plaintiff was 52 years old and the Plaintiff alleges that he met all the primary qualifications for the position.  *Id.* at 6.

The Plaintiff was recommended to appear before the Sheriff Oral Board (the "Board") for an interview on April 4, 2022.  *Id.*  After the interview, the Board informed the Plaintiff's recruiter and investigator, Detective Kenneth Huff, that the Plaintiff was "suitable for the position."  *Id.*

On May 4, 2022, the Plaintiff completed and passed the final agility test for the deputy officer position.  *Id.*  But, on May 16, 2022, Detective Huff informed the Plaintiff that he was not selected for the deputy officer position.  *Id.*

Thereafter, the Plaintiff filed a formal charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on August 15, 2024.  ECF No. 8-1 at 2; ECF No. 8-2.  On August 19, 2024, the EEOC informed the Plaintiff that it was referring the Plaintiff's Title VII claim to the Department of Justice and that the Plaintiff may file his ADEA claim in federal court.  ECF No. 8-3.  And so, the Plaintiff commenced this civil action against the Prince George's County Sherrif Office on October 3, 2024.  ECF No. 1.

In the complaint, the Plaintiff alleges that the Defendant's decision not to hire him was based on his age, in violation of the ADEA.  *See* ECF Nos. 1 and 10 at 1.  And so, the Plaintiff seeks, among other things, to recover liquidated, exemplary and punitive damages from the Defendant.  *Id*.

**B.  Procedural History**

The Plaintiff commenced this action on October 3, 2024.  *See* ECF No. 1.  On March 28, 2025, the Defendant filed a motion to dismiss, pursuant to Fed. R Civ. P 12(b)(6), and memorandum in support thereof.  ECF Nos. 8 and 8-1.

On April 25, 2025, the Plaintiff filed a response in opposition to the Defendant's motion and a motion for default judgment.  ECF Nos. 10 and 11.  The Defendant filed a reply brief on May 9, 2025.  ECF No. 15.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motions.

## III.  LEGAL STANDARDS

### A.  Rule 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Inc.*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B.  The Age Discrimination In Employment Act

The Age Discrimination in Employment Act ("ADEA") protects certain applicants and employees who are 40 years of age and older from discrimination upon the basis of age, in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. 29 U.S.C. § 623(a); *Westmoreland v. TWC Admin., LLC*, 924 F.3d 718, 725 (4th Cir. 2019).  To establish a prima facie claim of age discrimination, a plaintiff may proceed under the *McDonnell Douglas* framework and must prove that he: (1) was protected by the ADEA; (2) suffered an adverse employment action; (3) was performing his job at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) was replaced by a substantially younger worker. *Westmoreland*, 924 F.3d at 725.  Given this, the plaintiff must

3

prove that "age was the 'but-for' cause of the challenged employer decision." *Id.* (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

## IV.    ANALYSIS

The Defendant has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that the Prince George's County Sheriff Office is not a legal entity that may be subject to suit. *See* ECF No. 8-1 at 3. And so, the Defendant requests that the Court dismiss the complaint. *Id.* at 4.

The Plaintiff counters that dismissal of the complaint is not warranted, because: (1) he states plausible ADEA and Title VII claims in this case; (2) the Defendant failed to timely respond to the complaint; (3) there are multiple theories under which the Defendant can be subject to suit under Title VII and the ADEA; and (4) Prince George's County is a proper Defendant in this case. *See* ECF No. 10. And so, the Plaintiff requests that the Court deny the Defendant's motion to dismiss. *Id*. The Plaintiff also seeks a default judgment against the Defendant. ECF No. 11.

For the reasons set forth below, the complaint makes clear that the Plaintiff cannot pursue his ADEA claim against the Prince George's County Sherriff Office. And so, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 8), (2) **DENIES** the Plaintiff's motion for default judgment, and (3) **DISMISSES** the complaint.

The Court must dismiss the Plaintiff's ADEA claim against the Prince George's County Sheriff's Office, because that office is not a legal entity that is subject to suit under the ADEA. This Court has held that a county sheriff's office "is not a legal entity capable of being sued." *Coster v. Maryland*, No. GLR-21-65, 2021 WL 5605027, at *11 (D. Md. Nov. 30, 2021); *see also State v. Rovin*, 472 Md. 317, 339 n.9 (2021) (noting that a sheriff's office "is not a legal entity"); *Boyer v. State*, 323 Md. 558, 572 n.9 (1991) ("Neither the Constitution nor any other provision of law of which we are aware creates a governmental agency known as the 'Sheriff's Department.' Consequently, . . . [it] is not an entity capable of being sued."); *Hines v. French*, 157 Md. App. 536, 578 (2004) (holding "the Harford County Sheriff's Office is not a separate legal entity capable of being sued and, consequently it was properly dismissed as a defendant"). Given this, the Plaintiff cannot pursue his ADEA claim against the named Defendant in this case

While the Plaintiff argues that he also asserts a Title VII claim in this case, and that he may bring his ADEA claim against Prince George's County, a careful reading of the complaint

4

makes clear that the Plaintiff neither alleges a Title VII claim in the complaint, nor names Prince George's County as a defendant in this case. ECF No. 1. And so, the Court DISMISSES the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### V.  CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 8);

(2) **DENIES** the Plaintiff's motion for default judgment (ECF No. 11); and

(3) **DISMISSES** the complaint (ECF No. 1).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby

LYDIA KAY GRIGGSBY
United States District Judge